74 F.3d 1245
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony William HAZZARD, Sr., Plaintiff-Appellant,
v.
CITY OF EAST PALO ALTO, a municipal corporation, et al.,
Defendants-Appellees.
 No. 94-16230.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 15, 1995.
Decided Jan. 8, 1996.
 
 Before: NORRIS, BEEZER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Anthony William Hazzard filed this action against the City of East Palo Alto, Lieutenant Gregory Eatmon, Police Chief Burnham Matthews, City Manager Allen Parker, Officers Phillip Johnson, Matthew Spray, Thomas Alipio, Douglas Medina, and Reserve Officer Tracy Frey for violations of 42 U.S.C. Secs. 1981, 1983, and 1985. The district court granted summary judgment for the defendants on all of Hazzard's claims.
 
 
 3
 * DEPRIVATION OF LIBERTY INTEREST WITHOUT DUE PROCESS
 
 
 4
 Hazzard alleges that he was deprived of a liberty interest without due process of law when Police Chief Matthews made public allegations of theft during the course of terminating Hazzard, but denied him a hearing to clear his name. The district court held that Hazzard had failed to demonstrate a protected interest because he "failed to point to any California law that creates a property interest in being free from libel." Mem.Dec. and Order of Dist.Ct. at 20.
 
 
 5
 However, Hazzard has demonstrated a protected liberty interest sufficient to require the protections of due process. Owen v. City of Independence, 445 U.S. 622 (1980) is squarely on point. In Owen, the Supreme Court stated that a police officer was deprived of a liberty interest when he was publicly and falsely accused of theft during the course of termination. Id. at 633 n. 13.
 
 
 6
 Defendants' contention that Hazzard was not publicly stigmatized because he was never publicly charged with a crime is without merit. Police Chief Matthews issued a press release only days before Hazzard's termination that clearly implied that Hazzard was suspected of theft. Matthews also made statements to a reporter that made clear that Hazzard was under investigation because he was suspected of theft. Because Hazzard has presented sufficient probative evidence in opposition to the summary judgment on this claim, it must be reversed.
 
 II
 UNREASONABLE DETENTION OF HAZZARD
 
 7
 Hazzard alleges that the officers violated the Fourth Amendment when they arrested him in the car before the search and transported him to his home for questioning. In response, the defendants merely contend that Hazzard was free to leave his house, and alternatively that any detention was justifiable under the Fourth Amendment. The district court granted summary judgment for the defendants, holding that the seizure was reasonable as a detention incident to the execution of a search warrant. See Michigan v. Summers, 452 U.S. 692 (1981).
 
 
 8
 The district court erred because it failed to consider the evidence that Hazzard was detained not at or near his home, but rather at some distance from his home and was then transported to his home. Michigan v. Summers applies only to situations in which an individual is asked to remain at his home while police officers conduct a search. Id. at 705. It does not permit officers to detain an individual at an entirely different location and transport him to the scene of the search.
 
 
 9
 Hazzard has presented evidence that the detention commenced in the car at a location nowhere near his home, and that he was subsequently transported to his home.[1] He stated in his affidavit:
 
 
 10
 I was told that I would be going to Oakland to serve a search warrant. While en route, I was disarmed by defendant Lt. Eatmon and San Mateo District Attorney Inspectors Bruce Sabin and George Thorpe. I was interrogated in the car as all three persons attempted to get me to confess to something I did not do.
 
 
 11
 Decl. Anthony Hazzard in Opp'n Mot.Summ.J. at 9. The defendants, in contrast, presented no evidence tending to show either that Hazzard was not detained at that moment, or that if he was, the detention was reasonable.[2] Because a jury could find from Hazzard's evidence that a reasonable person would have believed that he was not free to leave, see United States v. Mendenhall, 446 U.S. 544, 554 (1980), we hold that Hazzard has raised a triable issue of fact as to whether he was unreasonably seized from the moment he was disarmed and interrogated in the car. The district court's grant of summary judgment on this claim is reversed.
 
 III
 QUALIFIED IMMUNITY AS TO SEIZURES OF PROPERTY
 
 12
 Hazzard alleges that Lt. Eatmon and Officers Alipio, Spray, Medina, Frey, and Johnson violated the Fourth Amendment when they seized property in excess of the scope of the search warrant. The district court granted qualified immunity to the defendants on the ground that it was reasonable to seize the property because the seized items were in plain view.
 
 
 13
 We review de novo the application of qualified immunity. Hervey v. Estes, 65 F.3d 784, 788 (9th Cir.1995). Because the parties do not dispute that Hazzard's rights were clearly established at the time of the alleged misconduct, the defendants bear the burden of proof to show that a reasonable officer could have believed lawful the particular conduct at issue. Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991).
 
 
 14
 First, the defendants seized two firearms in addition to the firearm issued to Hazzard by the Department. The district court held that "it was reasonable for the police officers to seize ... the firearms (because firearms were missing from the property section)...." Mem.Dec. and Order of Dist.Ct. at 16. The basis for this conclusion was Eatmon's testimony that "it was believed that the guns belonged to the department.... I knew that a substantial number of firearms were missing from the department...." Decl. Gregory Eatmon in Supp.Mot.Summ.J. at 3. We disagree that a reasonable officer could have believed that this evidence constituted probable cause to seize the firearms. The defendants present no evidence connecting the seized firearms with the unspecified firearms that were missing from the department. The defendants do not, for example, offer evidence that they recognized the serial numbers on the seized guns, or even that the police department was known to own guns of the same type as the seized guns. Because a reasonable officer could not have believed that there was probable cause to seize the two firearms, the defendants are not entitled to qualified immunity as to the firearms.
 
 
 15
 Second, the defendants seized approximately 200 computer disks. The district court concluded that it was reasonable to seize the disks because "many of the discs had labels that showed their contents concerned the East Palo Alto Police Department...." Mem.Dec. and Order of Dist.Ct. at 16. However, the only evidence supporting the seizure of the computer disks was the testimony of Officer Alipio that a "couple of them" were marked " 'East Palo Alto Police Gun Inventory' and things like that...." Decl. Darryl Parker in Opp'n Mot.Summ.J., Ex. B, at 190. This evidence demonstrates no basis whatsoever for a belief that there was probable cause to seize the vast majority of the disks, which had no apparent connection to the department. Therefore, the defendants are not entitled to qualified immunity as to the disks that did not have labels connecting them to the department.
 
 
 16
 Finally, we agree with the district court that the defendants are entitled to qualified immunity as to the remaining seized items. Regarding the leather gear, the district court granted qualified immunity on the basis that "this is the type of gear that the East Palo Alto Police Department issues to its police officers." Mem.Dec. and Order of Dist.Ct. at 16. Regarding the computer and accessories, the district court explained that "Lt. Eatmon recognized the computer as one which had been in the department's property section...." Id. Although Hazzard explained to Eatmon at the time of the search that the computer had been purchased from the Department, a reasonable officer could have disbelieved this explanation. Regarding the personal papers, the officers acted pursuant to the authorization in the search warrant to seize "personal property tending to establish the identity of persons in control of premises and vehicles." Decl. Gregory Eatmon in Supp.Mot.Summ.J., Ex. B. For these reasons, we affirm the grant of qualified immunity as to the leather gear, the computer and accessories, and the personal papers.
 
 
 17
 In sum, we reverse the district court's grant of qualified immunity as to the two firearms and the disks unrelated to the police department. We affirm the grant of qualified immunity as to the leather gear, the computer and accessories, and the personal papers.
 
 IV
 HAZZARD'S OTHER CLAIMS
 
 18
 A. The District Court's Scheduling of the Summary Judgment Motion
 
 
 19
 Hazzard contends that the district court abused its discretion by permitting the defendants to file a motion for summary judgment "on virtually the eve of trial." Appellant's Opening Br. at 12. This argument is without merit. Hazzard had ample time in which to respond to the motion for summary judgment because the district court continued the trial from April 4 to July 11, and gave the parties the opportunity to file supplemental papers (which Hazzard did on June 14). Therefore, there was no abuse of discretion.
 
 
 20
 B. Qualified Immunity as to Allegedly Invalid Search Warrant
 
 
 21
 Hazzard argues that the search was invalid under the Fourth Amendment because the search warrant was procured with false and misleading statements. To survive summary judgment, Hazzard must both make a substantial showing of a deliberate falsehood, and establish that the remaining information in the affidavit is insufficient to establish probable cause. See Hervey v. Estes, 65 F.3d 784, 789 (9th Cir.1995). The district court granted qualified immunity because it determined that the affidavit established probable cause even viewed without the allegedly false statement. We agree. The other evidence contained in the affidavit, in particular Hazzard's failure to disclose property storage sites during the audit and his averment that he did not possess a key to one of the sites when he did in fact possess such a key, is sufficient to establish probable cause. Therefore, we affirm the grant of qualified immunity.
 
 
 22
 C. Qualified Immunity as to the Search of the MG
 
 
 23
 Hazzard claims that the search of his other car, an MG, violated the Fourth Amendment because that car was not listed in the warrant. However, a reasonable officer could have believed that Hazzard consented to that search based on statements that Hazzard made to the officers during the execution of the search warrant. Therefore, the officers are entitled to qualified immunity.
 
 
 24
 D. Confiscation of Property Without Due Process
 
 
 25
 Hazzard claims that the confiscation and retention of his property seized during the search constituted a deprivation of property without due process of law. However, intentional deprivations of property do not violate the Due Process Clause if adequate state post-deprivation remedies are available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Because Hazzard could have filed a motion for return of his property before the state court judge who issued the warrant, an adequate post-deprivation remedy was available. Therefore, there was no violation of procedural due process.[3]
 
 E. Termination without Due Process
 
 26
 Hazzard contends that the City deprived him of a protected property interest when it terminated his employment with the Police Department. However, Hazzard had no constitutionally protected property interest in continued employment because his contract with the Police Department had expired. In the absence of a contract, California law presumes that employment is at will. See Schneider v. TRW, Inc., 938 F.2d 986, 990 (9th Cir.1991); Cal.Lab.Code Sec. 2922 (West 1989). This presumption may be overcome with evidence of contrary intent. Schneider, 938 F.2d at 990. However, Hazzard has failed to offer any such evidence. We agree with the district court that the statement made by Acting Chief Ronald Sibley, assuring Hazzard that his contract would be renewed, constitutes only an indefinite promise to renew the contract in the future.[4] Therefore, Hazzard has failed to show that he was deprived of a protected property interest, and the district court did not err in granting summary judgment for the defendants on this claim.
 
 F. Racial Discrimination
 
 27
 Finally, Hazzard alleges that the City is liable for racial discrimination because Chief Burnham and City Manager Parker terminated him because of his race. Municipalities may be held liable under Sec. 1983 only for actions pursuant to official policy or custom. Monell v. Dept. of Social Servs., 436 U.S. 658, 690-91 (1978). Hazzard seems to argue that the actions of Burnham and Parker constituted an act of official governmental policy because they had "final policy-making authority." See Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986); Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir.1992). However, the determination of who constitutes a final policy-maker for purposes of Sec. 1983 is a question of state law. See Jackson v. Gates, 975 F.2d 648, 654 (9th Cir.1992). Because Hazzard points to no evidence establishing that either Burnham or Parker had final policy-making authority over terminations, he has failed to raise a triable issue of fact as to this claim. We therefore affirm the district court's grant of summary judgment.
 
 V
 CONCLUSION
 
 28
 The district court's grant of summary judgment is REVERSED as to Hazzard's due process claim arising from Chief Matthews's public allegations of theft.
 
 
 29
 The district court's grant of summary judgment on Hazzard's claim of unreasonable detention is also REVERSED.
 
 
 30
 The district court's grant of qualified immunity as to the seizure of the firearms and the computer disks not connected to the Police Department is also REVERSED.
 
 
 31
 Finally, the district court's judgment is AFFIRMED as to all of the remaining claims.
 
 
 32
 TROTT, Circuit Judge, concurring and dissenting.
 
 
 33
 I concur in Parts I and IV of the panel's disposition, but for the reasons given by the district court in its Memorandum Decision and Order dated June 28, 1994, I would affirm on all issues raised in Parts II and III.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Hazzard raised this issue to the district court, the district court failed to address it
 
 
 [2]
 The evidence presented by the defendants relates only to the seizure during the search, not prior to it
 
 
 [3]
 Moreover, Hazzard has failed to offer any authority for the proposition that an intentional deprivation of property can constitute a denial of substantive due process
 
 
 [4]
 In any event, Hazzard does not dispute the district court's determination that this statement was inadmissible hearsay, which cannot be considered in a motion for summary judgment